893 F.2d 1404
 282 U.S.App.D.C. 255
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Alvin MARTIN, Appellant.
 No. 88-3093.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 24, 1990.
Rehearing and Rehearing En Banc Denied March 30, 1990.
 
 Before RUTH B. GINSBURG and SENTELLE, Circuit Judges, and SPOTTSWOOD W. ROBINSON, III, Senior Circuit Judge
 JUDGMENT
 PER CURIAM.
 
 
 1
 These appeals were considered on the record from the United States District Court for the District of Columbia and on the arguments of counsel. After full review of the cases, the court is satisfied that appropriate disposition of the appeals does not warrant an opinion. See D.C.Cir.R. 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgments from which these appeals have been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 Defendants Alvin Martin, Michael Bennett, and Donal Coleman were convicted of firearms and narcotics charges based on evidence gathered during a police search of a Southwest D.C. apartment house. The police arrived with a warrant to search apartment 408. Although the building contained no apartment numbered 408, the approaching search team heard someone shout "police," and officers stationed at the rear of the building saw Coleman toss from a fourth floor window a bag that contained marijuana, cocaine, and a pistol. Upon entering the apartment from which the bag was thrown, the police apprehended Bennett and Coleman. Bennett was carrying two packets of marijuana and $411 in cash. The police next found and arrested Martin, who was lying on a bed in a rear room in possession of $90, a gun, and a clip of ammunition. Weapons, money, marijuana packaged for sale, and drug sale paraphernalia were hidden throughout the apartment. Search of a crawl space accessible from the common hallway turned up three trash bags filled with 179 quarter-pound packets of marijuana, four packages of cocaine powder, 160 one-gram bags of cocaine base, 99 half-gram bags of cocaine base, packaging materials, guns, gun cases and manuals, and ammunition. Martin appeals his conviction of possession of a firearm during and in relation to a drug trafficking offense, 21 U.S.C. Sec. 924(c). He argues that the district court's jury instructions were improper; that his conviction was inconsistent with his acquittal of all charged drug trafficking offenses, commission of which he claims is an essential element of a section 924(c) violation; that the trial judge improperly denied his motion for severance; and that the search was illegal. Bennett and Coleman protest that the evidence was insufficient to support their convictions for possession of a firearm in relation to a drug trafficking crime, possession of cocaine base with intent to distribute, 21 U.S.C. Sec. 841(a), and possession of marijuana with intent to distribute, 21 U.S.C. Sec. 841(a). Bennett also contends that the district court improperly admitted evidence of his prior arrest, and Coleman challenges the court's denial of his request for a lesser included offense instruction. Finding no reversible error, we affirm the convictions.
 
 I. Martin's Firearm Possession Conviction
 
 5
 Martin asserts that the jury instructions on the firearm charge deviated from the indictment and the statute. We disagree and conclude that the instructions comported with both the indictment and the reading of the statute advanced by Martin.
 
 
 6
 The firearm count of the indictment alleged that Martin possessed a firearm during and in relation to cocaine base and marijuana offenses of which he and his codefendants were charged in other counts and "for which he may be prosecuted in a Court of the United States[.] " This count, we agree, tied the firearm charge to an anterior finding that Martin committed drug trafficking crimes covered in the other counts. However, the jury could find the requisite linkage to the drug trafficking crimes by concluding either that Martin committed the offenses himself or that he aided and abetted his codefendants' commission. Aiding and abetting is implicitly charged in all indictments, and an aider and abettor is liable as a principal. See 18 U.S.C. Sec. 2; United States v. Galiffa, 734 F.2d 306, 312 (7th Cir.1984).
 
 
 7
 Consistent with the indictment, the district court charged the jury that Martin could be convicted of the firearm count if he either committed or aided and abetted his codefendants' commission of the drug charges. Tr. VIII at 130-33; Tr. XI at 25-26. Because an aider and abettor is liable as a principal, the instructions also comported with 21 U.S.C. Sec. 924(c), even if that section is properly read to require, at the threshold, that the defendant be found to have committed a drug trafficking offense. We therefore need not decide whether the statute indeed so requires.
 
 
 8
 Martin maintains most urgently that the trial court's instructions fell short of the mark in the following respect. It is not enough, he asserts, that the jury be told Martin's commission of the underlying drug trafficking crime was an essential element of the firearm offense. He contends that the district judge should instead have charged that the jury first had to convict Martin of the drug offenses before it could consider the firearm charge. We disagree. Martin's position that such an instruction was required is incompatible with settled law that the jury's verdict on each count stands alone and that inconsistent verdicts do not necessarily render a conviction infirm. See United States v. Laing, No. 88-3149, slip op. at 12-14 (D.C.Cir. Nov. 14, 1989).
 
 
 9
 Martin's attack on his conviction of the firearm charge as inconsistent with his acquittal of the drug offenses is similarly unavailing. Inconsistent verdicts do not warrant reversal if the guilty verdict is supported by sufficient evidence. See id. There was sufficient evidence for the jury to conclude that Martin possessed a gun while committing or aiding and abetting his codefendants' commission of the charged drug offenses. Martin was found, wearing a gun, in the bedroom of an apartment filled with concealed drugs, drug paraphernalia, weapons, and cash. His papers were discovered in various locations throughout the apartment, and a box matching the description of a box he had brought from Jamaica was found, housing a gun, in the crawl space among large quantities of marijuana, cocaine, and crack.
 
 
 10
 Martin's arguments that his case should have been severed from that of his codefendants and that the search was illegal are also unpersuasive. A district court is entrusted with broad discretion in ruling on severance, see United States v. Sobamowo, No. 87-3056, slip op. at 7 n. 3 (D.C.Cir. Dec. 19, 1989), and we discern no abuse of that discretion here. Martin has made no showing that he possessed a privacy interest in the apartment, so he has no standing to challenge the apartment search. See United States v. Robinson, 698 F.2d 448, 454-55 (D.C.Cir.1983). In any event, once the police discovered that the inhabitants of the apartment were attempting to dispose of contraband, exigent circumstances entitled them to search without a warrant. United States v. Johnson, 802 F.2d 1459, 1462 (D.C.Cir.1986). The attempted drug and weapon disposal also gave the police reasonable suspicion to conduct a weapons search of Martin himself. See Terry v. Ohio, 392 U.S. 1, 23 (1968).
 
 
 11
 II. Sufficiency of the Evidence against Bennett and Coleman
 
 
 12
 The evidence was sufficient to support conviction of Bennett and Coleman on all counts. Bennett had marijuana packets, like those found in the apartment, on his person and had previously been arrested at the same building for selling cocaine and possessing marijuana packaged for sale. His fingerprint was on the manual for a gun found in the apartment, and the manual was secreted in the crawl space among the contraband. Coleman tossed from the window a bag containing marijuana, cocaine, and a pistol. The pistol had the same serial number as a gun case in the crawl space. Coleman's palm and fingerprints were on business cards in a wallet, which also contained $1200, found inside a Tide box in the apartment.
 
 
 13
 Guns and ammunition in the crawl space matched guns in the apartment and the bag. Marijuana was found in both the crawl space and the apartment, cocaine was discovered in both the bag and the crawl space, and packaging for drugs was found in all three locations. Drug paraphernalia and cash were hidden throughout the apartment. In light of this evidence, the absence of drugs in plain view in the apartment is not dispositive. See United States v. James, 764 F.2d 885, 890 (D.C.Cir.1985).
 
 III. Additional Alleged Errors
 
 14
 Bennett also argues that evidence of his prior arrest for selling cocaine at the same premises should not have been admitted. The district court, we are satisfied, properly ruled that such evidence was admissible to show intent and to refute Bennett's "mere presence" defense. Compare Tr. VI at 94-96 with United States v. Leeper, No. 88-3169, slip op. at 8-9 (D.C.Cir. Oct. 17, 1989). That court's determination that the probative value of the evidence exceeded its prejudicial effect, see Tr. VI at 94-96, 99-100, cannot fairly be characterized as a "grave abuse" of discretion. See United States v. Payne, 805 F.2d 1062, 1066 (D.C.Cir.1986); United States v. Moore, 732 F.2d 983, 989-91 (D.C.Cir.1984). The court appropriately gave a limiting instruction, compare Tr. VI at 103-04 with United States v. Anderson, 881 F.2d 1128, 1142 (D.C.Cir.1989), and ordered the government to curtail the evidence it presented, see Tr. VI at 99-100.
 
 
 15
 Coleman asserts that the district judge wrongly refused a jury instruction on the lesser included offenses of simple possession of cocaine base and marijuana. However, denial of the instructions was proper because no rational jury could have found that Coleman committed only the lesser offenses, and such a finding would have been inconsistent with his "mere presence" defense. See Payne, 805 F.2d at 1067; United States v. Thornton, 746 F.2d 39, 47-48 (D.C.Cir.1984).
 
 
 16
 The indictment charged only possession with intent to distribute cocaine base, a charge which did not encompass the powder cocaine found in the bag Coleman threw from the window. Tr. VIII at 134. No rational jury could have concluded that the very large quantity of cocaine base in the crawl space was simply for personal use. Any jury that determined that Coleman possessed this cached crack would logically also have found that he possessed the marijuana in the crawl space, which similarly, in view of its quantity, could not have been intended simply for personal use.
 
 
 17
 Finally, Coleman's exculpatory defense that he was merely present at the scene and did not constructively possess any of the drugs found in the apartment or crawl space is at odds with simple possession. Given the indictment, the evidence, and Coleman's defense, the jury could have found him guilty of possession of crack only if it found he possessed the crack in quantity cached in the crawl space.